UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORETTA HAWKS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-1036-G |
| | ) |
| TAMIKA WHITE, Warden, | ) |
| | ) |
|     Respondent.[1] | ) |

## ORDER

Petitioner Loretta Hawks, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. The matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1). Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 9) recommending that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed upon preliminary review for failure to plead a § 2254 habeas claim upon which relief can be granted. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. Petitioner filed a timely written Objection (Doc. No. 10).[2]

Because Petitioner has filed an Objection to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been

---

[1] The current warden of the facility where Petitioner is incarcerated is hereby substituted as Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

[2] After submitting her Objection, Petitioner also filed a Motion to Amend/Supplement (Doc. No. 11). The Court construes Petitioner's Motion as requesting leave to supplement her Objection and GRANTS the Motion. The Court has considered the Motion in conducting its de novo review.

made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

    *I.*    *Background*

The factual and procedural background is accurately summarized in Judge Erwin's R. & R. On June 19, 2014, Petitioner was convicted in state court of first-degree murder, first-degree burglary, and two counts of kidnapping. *See State v. Hawks*, No. CF-2012-1637 (Cleveland Cnty. Dist. Ct.).[3] On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") reversed the murder conviction and remanded the case for a new trial on that charge. R. & R. at 2; *see Hawks v. State*, No. F-2014-764 (Okla. Crim. App.). On September 6, 2016, Petitioner pled guilty to the murder charge and was sentenced to 30 years' incarceration. *See* Pet. at 1; *Hawks*, No. CF-2012-1637.

Beginning on April 21, 2021, Petitioner filed several postconviction applications in the trial court, seeking leave to appeal her conviction on the murder charge out of time. *See Hawks*, No. CF-2012-1637. The court denied relief on November 3, 2021. *See id.*; R. & R. at 2; Pet. Ex. 3, Order Declining Jurisdiction, *Hawks v. Caddo Cnty. Dist. Ct.*, No. PC-2021-1410 (Okla. Crim. App. Sept. 13, 2022) (order) (Doc. No. 1-3)..

Petitioner filed a notice of intent to appeal this order on November 24, 2021, and her appeal to the OCCA followed. *See* R. & R. at 2; *Hawks*, No. CF-2012-1637; *Hawks,* No. PC-2021-1410. The OCCA declined jurisdiction and dismissed the appeal, finding

---

[3] The state-court dockets are publicly available at http://www.oscn.net.

that Petitioner had waived her right to appeal by filing her notice one day beyond the 20-day deadline prescribed by the OCCA's Rules. *See* Pet. Ex. 3, Order Declining Jurisdiction; Okla. Stat. tit. 22, ch. 18 app. R. 5.2(C)(1) ("The party desiring to appeal from a final order of the District Court . . . MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order is filed in the District Court. . . . . The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal.").

## II. *Petitioner's Claim and the Report and Recommendation*

In the Petition, filed December 8, 2022, Petitioner challenges the OCCA's dismissal of her appeal, arguing that the OCCA erred in concluding that her notice of intent to appeal had been untimely filed. *See* Pet. at 4.

As noted by Judge Erwin, "habeas petitions filed pursuant to 28 U.S.C. § 2254 are aimed at vindicating federal . . . rights, not rights based on state law." R. & R. at 3. But Petitioner's sole ground for habeas relief is the OCCA's purported failure to comply with Oklahoma's Post-Conviction Procedure Act. *See* Okla. Stat. tit. 22, §§ 1080 et seq.; *Beavers v. Saffle*, 216 F.3d 918, 922 (10th Cir. 2000) ("The right to challenge a sentence in a post-conviction application is not constitutionally based."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

The R. & R. concluded that because the Petition exclusively relied on a state-law ground for habeas relief, it should be dismissed for failure to raise a cognizable habeas claim.  *See* R. & R. at 4 (citing *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998)).

III.   *Petitioner's Objections*

In her Objection, Petitioner asserts that the OCCA's declination of jurisdiction over her postconviction appeal violated due process and "ignore[d] federal law."  Pet'r's Obj. at 1.  Petitioner offers no authority to support this proposition and fails to show any error in Judge Erwin's reasoned findings.  Even liberally construed, Petitioner's Objection does not demonstrate any error in the R. & R.  Because Petitioner brings her § 2254 action to challenge an alleged error of state law, it must be dismissed.  *See Sellers*, 135 F.3d at 1339; R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

IV.   *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

4

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon consideration, the Court concludes that the requisite standard is not met in this case.  Therefore, a COA is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 9) is ADOPTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED. Petitioner's Motion to Amend/Supplement (Doc. No. 11) is GRANTED.

IT IS FURTHER ORDERED that a COA is DENIED.  A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of March, 2024.

*[Signature]*
CHARLES B. GOODWIN
United States District Judge